## Pierce et ux. *v.* Schoonover, Appellant.

*Married women—Separate property—Mechanics' liens—Title under sheriff's sale.*

A sheriff's sale under mechanics' liens against the separate property of a married woman, regularly made, will pass a good title, which is not subject to a previous sheriff's sale of the property under a judgment against her husband.

*Sheriff's sale—Purchase in trust—Expenditures by trustee.*

In such a case, where the property is purchased under an agreement by the purchaser that he will convey to the wife at any time within one year, upon payment of certain sums and any money " he may pay to perfect and defend the title, or prevent litigation in reference to the title," and it is shown that the purchase of the previous sheriff's title under the judgment against the husband was not within the contemplation of the parties at the time of the making of the agreement; and yet, after having been notified by the wife not to do so, and without his title being attacked, the trustee purchases such title, he will not, upon a conveyance to the wife, be allowed the money thus expended.

Argued April 20, 1892. Appeal, No. 53, Jan. T., 1892, by defendant, Orrin L. Schoonover, from decree of C. P. Centre Co., April T., 1886, No. 337, for plaintiffs, Dr. J. H. Pierce and R. L. Pierce, his wife, in right of said Mrs. R. L. Pierce, in equity. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Bill to compel conveyance of real estate.

The case was referred to Albert Hayes, as master. He found the following facts: Mrs. R. L. Pierce in 1873 purchased, entirely with her own money, a lot in Philipsburg, known as the " Opera House property." In the spring of 1883, Mrs. Pierce began the construction thereon of the opera house building. In meeting the outlay required for this purpose, the money of Mrs. Pierce was exhausted and she raised the sum of $3,670 by giving a judgment and bond and mortgage for $4,000 to O. P. Jones, dated October 31, 1883, the mortgage being on a lot known as the " Mansion property," and both bond and mortgage being duly executed by the said Mrs. Pierce and her husband. The Mansion property had formerly belonged to Dr. Pierce ; and had been sold as his property by the sheriff in 1881 and deed made to Mrs. Pierce.

Several of the mechanics who had furnished labor and mate-

rials for the opera house, filed liens to recover the amounts due them. Judgments were obtained on these liens, and the opera house property sold on April 25, 1885, under these judgments, and purchased by the defendant, under the following agreement, dated April 25, 1885, but executed the day before:

" This article of agreement made and concluded this, twenty-fifth day of April, 1885, Between O. L. Schoonover of Kylertown, Clearfield Co., Pa., of the first part, and Mrs. R. L. Pierce, of Philipsburg, Centre Co., Pa., of the second part, to wit: Whereas, O. L. Schoonover, of first part, holds certain liens against the property of Mrs. R. L. Pierce, situated in the borough of Philipsburg, and known as the Pierce Opera House, and writs of levari facias have been issued thereon, and the said property advertised to be sold next court, now it is agreed that if the said O. L. Schoonover shall become the purchaser of said property at said sheriff's sale, now and in consideration of one dollar paid by Mrs. R. L. Pierce to O. L. Schoonover, the receipt of which is hereby acknowledged, that the said O. L. Schoonover will at any time within one year from the date of said sale resell the same property to the said R. L. Pierce for the price or sum which the said property may cost him at said sale, with interest, taxes and costs and insurances added and also any other sum or sums of money he may pay to perfect and defend the title, or prevent litigation in regard to the title and the additional sum of one hundred and fifty dollars per year, for care, collecting rents, etc., also the said Schoonover agrees not to sell or encumber the property for one year in any manner; and it is further agreed that all money received for rents to of said property to be credited on original debt. The said right of Mrs. R. L. Pierce to be a personal right, and not transferable or assignable by her and to be void if not exercised within the time before mentioned, viz.: one year.

" Witness our hand and seals the day and year first above written.

O. L. Schoonover, [seal]

Witness,     J. H. Pierce,     [seal]

Wm. E. Irwin.     R. L. Pierce.     [seal] "

The agreement was acknowledged by defendant and Dr. and and Mrs. Pierce, separately by her.

On February 28, 1885, the opera house property had been

sold as the property of Dr. Pierce under a judgment against him for $69, and deed made to O. P. Jones.

Under a judgment confessed by Dr. Pierce in 1884, the Mansion property was sold as his property by the sheriff on November 22, 1884, to J. L. Spangler. Out of the $8,700 realized on this sale, the mortgage of O. P. Jones was paid; and the balance distributed for costs and on liens and judgments against Dr. Pierce. Mrs. Pierce acquired the title to this property in March of 1887.

Mrs. Pierce, within a year from the date of the agreement of April, 1885, demanded a conveyance from Schoonover of the opera house property, which was refused unless she would pay, in addition to what she offered as the amount required of her by said agreement, the sum of $4,000 paid by Schoonover for a conveyance by O. P. Jones and wife of the interest in the opera house purchased by Jones at the sheriff's sale under the judgment against Dr. Pierce, as above mentioned. The master found that a purchase of this interest was not contemplated by the parties to the agreement, and that the weight of the evidence was that Mrs. Pierce had notified the defendant not to buy it. This bill was filed to enforce a conveyance. The master reported that Mrs. Pierce was entitled to the conveyance without paying the $4,000 in dispute, and recommended a decree for the conveyance.

Exceptions filed to the master's report were dismissed by the court below in an opinion by SIMONTON, P. J., specially presiding, as follows:

" The only exceptions really pressed by the counsel for defendant, O. L. Schoonover, are those which relate to the alleged error of the master in not allowing him credit for the $4,000 paid by him to O. P. Jones for the conveyance of the alleged interest of Dr. J. H. Pierce in the opera house property, acquired by Jones by the conveyance to him of the title acquired by the sheriff's sale of February 28, 1885, and his deed in pursuance thereof to said Jones acknowledged April 30, 1885.

" After a most careful examination and consideration of the evidence and the master's report, in the light of the very able oral and written arguments on behalf of defendant, we have not been able to come to the conclusion that there is any error in the rulings of the master on this point.

" The title held by Schoonover prior to the purchase from Jones was based upon a sheriff's sale of the opera house property on certain writs of levari facias issued on judgments taken on mechanics' liens filed against both Pierce and his wife, and we think the master is entirely correct in saying that: ' The mechanics' liens against the property were filed for honest debts both against J. H. Pierce and Rose L. Pierce, his wife, as owners and contractors. Writs of scire facias were issued thereon and judgments regularly obtained. All the necessary forms of law appear to have been observed in all the proceedings which resulted in the premises becoming the property of Mr. O. L. Schoonover. No irregularity has been alleged anywhere. The title, therefore, of Mr. Schoonover to these premises being good, it would not require the purchase of any so called outstanding interest of Dr. Pierce therein in order to perfect the title.' And, as the master further says, there is nothing in the case to show that Schoonover's title was in any way attacked, and therefore no facts have been shown which would justify charging Mrs. R. L. Pierce with the considerable sum of four thousand dollars for the purchase of an alleged title. Hence, we think that the master has shown sufficient reason for declining to so charge Mrs. Pierce, and therefore we do not think it necessary to enter into the question whether in any event, assuming the $4,000 borrowed by Dr. Pierce and wife from O. P. Jones, on the security of a joint mortgage given by them upon the Mansion property, to have been expended in completing the opera house, this money could be followed into the opera property by the creditors of Dr. Pierce, because it was afterwards repaid by a foreclosure of the mortgage. We do not consider such transaction the same as where an insolvent husband expends his own money in the improvement of his wife's real estate. If the money so borrowed had been repaid by the wife, her husband would clearly have had no interest whatever in the opera house, because of the transaction; and it is not very easy to see why the question of his having or not having an interest in it should depend upon the fact whether the mortgagee should choose to foreclose his mortgage or not. But as we have said, we think the reason given by the master for the conclusion to which he arrived on this point is sufficient, and that there was no such cloud upon the title held by Schoonover, prior to his purchase

from Jones, as authorized him to make this purchase in the face of the notice found by the master to have been given him by Mrs. Pierce not to purchase.

" All the exceptions filed on behalf of Schoonover are therefore overruled."

The court entered a decree for a conveyance and defendant appealed.

*Errors assigned*, thirteen in number, raised as stated, in the argument of appellant, the single question: " Should the appellant, Orrin L. Schoonover, have been credited with the sum of $4,000 paid by him to O. Perry Jones, Dec. 9th, 1885, for the title to the opera house under the sheriff's sale of that property as the property of Dr. J. H. Pierce, made Feb. 28th, 1885 ? "

*J. W. Gephart, John H. Orvis, C. M. Bower* and *Ellis L. Orvis* with him, for appellants.

*C. S. McCormick, William Bryson* and *John G. Love* with him, for appellee.

PER CURIAM, May 2, 1892:

This case has been so well discussed by the learned judge of the court below, that it is not required we should add anything to what he has so well said.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.